UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA COSTIGAN,

    Plaintiff,

v

DELTA AIR LINES, INC., a Foreign Corporation and EXPRESSJET AIRLINES, INC., a Foreign Corporation,

    Defendants.

Case No. 2:17-cv-11903
Hon. Paul D. Borman
Magistrate Stephanie D. Davis

| GOODMAN ACKER, PC | JAFFE RAITT HEUER & WEISS, PC |
|---|---|
| By:  Gerald H. Acker (P32973)<br>       Amanda B. Warner (P74128) | By:  Scott R. Torpey (P36179)<br>       Justin M. Schmidt (P78125) |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 17000 W. Ten Mile Road, 2nd Floor | 27777 Franklin Road, Suite 2500 |
| Southfield, Michigan 48075 | Southfield, MI 48034 |
| (248) 483-5000 | (248) 351-3000 |
| gacker@goodmanacker.com | (248) 351-3082 (Fax) |
| awarner@goodmanacker.com | storpey@jaffelaw.com |
|  | jschmidt@jaffelaw.com |

## DEFENDANT EXPRESSJET AIRLINES, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF RHONDA COSTIGAN'S VERIFIED COMPLAINT AND JURY DEMAND

    Defendant ExpressJet Airlines, Inc. ("ExpressJet"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., for its First Amended Answer,

3800721

Affirmative Defenses, and Jury Demand to Plaintiff's Verified Complaint and Jury Demand, states as follows:

## COMMON ALLEGATIONS

1. That Plaintiff, RHONDA COSTIGAN, is a resident of the City of Garden City, County of Macomb, State of Michigan.

**ANSWER**: Admitted.

2. That Defendant, DELTA AIRLINES, INC., hereinafter referred to as "DELTA", is Foreign corporation duly authorized to transact the business in the State of Michigan and does in fact regularly and systematically conduct the business in the County of Wayne, State of Michigan accepting service through CSC-Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, MI 48823.

**ANSWER**: Admitted, except that Delta is incorrectly identified in ¶ 2 as "Delta Airlines, Inc." instead of "Delta Air Lines, Inc."

3. That Defendant, EXPRESSJET AIRLINES, INC., hereinafter referred to as "EXPRESSJET", is a Foreign corporation duly authorized to transact the business in the State of Michigan and does in fact regularly and systematically conduct this business in the County of Wayne, State of Michigan accepting service through The Corporation Company, 40600 Ann Arbor Road E, Suite 201, Plymouth, MI 48170.

**ANSWER**: Admitted.

4. That the amount in controversy exceeds the sum of Ten Million ($10,000,000.00) Dollars, exclusive of interest, costs and attorney fees.

**ANSWER**: ExpressJet admits that Plaintiff is seeking in excess of $10,000,000.00 in alleged compensatory damages, but ExpressJet denies any liability for such alleged damages and denies the alleged value of Plaintiff's claimed damages.

5. At all relevant times Defendant DELTA and/or EXPRESSJET owned, possessed, and/or controlled Flight No. 5203 whereon the acts described below were committed.

**ANSWER**: ExpressJet admits that at all relevant times Delta owned the subject aircraft, but denies that Delta operated, controlled, and/or possessed the subject aircraft. ExpressJet admits that at all relevant times it operated, controlled, and/or possessed the subject aircraft.

## FACTUAL ALLEGATIONS

6. That Plaintiff incorporates by reference the previous allegations, as if restated word for word and paragraph by paragraph.

**ANSWER**: The allegation requires no responsive pleading from ExpressJet. To the extent that the allegation does require an answer, ExpressJet denies as untrue the allegations in ¶ 6.

7. On or about April 12, 2016, Plaintiff purchased an airplane ticket on Defendants DELTA and/or EXPRESSJET flight for a round trip flight from Detroit, Michigan to Myrtle Beach, South Carolina.

3

**ANSWER**: Admitted in part and denied in part. The flight was Delta Flight 5203, operated by ExpressJet.

8. On or about July 15, 2016, Plaintiff flew aboard Defendants DELTA and/or EXPRESSJET Flight Number 5203 from Detroit, Michigan to Myrtle Beach, South Carolina.

**ANSWER**: Admitted in part and denied in part. Upon information and belief, the date was July 19, 2016 for Delta Flight 5203, operated by ExpressJet.

9. On or about July 27, 2016, Plaintiff, along with her fifteen (15) year old daughter, boarded Defendants DELTA'S and/or EXPRESSJET's Flight No. 5203, along with other passengers at Myrtle Beach International Airport.

**ANSWER**: Admitted in part and denied in part. Admitted that on July 27, 2016, Plaintiff boarded Delta Flight 5203, operated by ExpressJet, at Myrtle Beach International Airport along with other passengers. ExpressJet denies that this was a Delta operated flight. ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 9.

10. After takeoff from Myrtle Beach International Airport, a Defendants DELTA and/or EXPRESSJET flight attendant observed another passenger in his assigned, first class seat masturbating with his penis exposed.

**ANSWER**: ExpressJet denies that any Delta flight attendant was onboard the subject flight, and therefore denies that any Delta flight attendant observed any passenger on the subject flight. ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 10.

4

11. Upon information and belief, Defendants DELTA and/or EXPRESSJET employee then notified the pilot who contacted the Detroit Metro Airport Police regarding the incident.

**ANSWER**: ExpressJet denies that any Delta employees or agents were onboard the subject flight and therefore denies that any Delta employees or agents conducted the acts alleged in ¶ 11. ExpressJet admits that one of its flight attendants notified the pilot-in-command of the subject flight about passenger Christopher Finkley, and that the pilot-in-command requested that law enforcement meet the subject flight at the gate upon arrival. ExpressJet denies as untrue the remaining allegations in ¶ 11.

12. Rather than supervising the sexual deviant passenger known to Defendants DELTA and/or EXPRESSJET, Defendants DELTA and/or EXPRESSJET allowed the sexual deviant passenger to roam the plane without supervision.

**ANSWER**: ExpressJet denies that any Delta employees or agents were onboard the subject flight and therefore denies that Delta or any of its employees or agents failed to supervise passenger Christopher Finkley or allowed Finkley to roam the aircraft unsupervised. ExpressJet denies as untrue the remaining allegations in ¶ 12.

13. Before the plane landed, and with knowledge of a Defendants DELTA and/or EXPRESSJET employee, the sexual deviant passenger went to the back of the plane to use the bathroom.

**ANSWER**: ExpressJet denies that any Delta employees or agents were onboard the subject flight and therefore denies that Delta or any of its employees or agents had knowledge that passenger Christopher Finkley went to the back of the aircraft to use the lavatory. ExpressJet admits that before the subject aircraft

5

landed, passenger Finkley went to the back of the plane to use the restroom because the first-class lavatory was inoperable. ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 13.

14. On the way back from the bathroom, the sexual deviant passenger sat in an empty seat next to Plaintiff, who was seated in a window seat.

**ANSWER**: Admitted that passenger Christopher Finkley sat in an empty seat next to Plaintiff who was seated in a window seat. ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 14.

15. Shortly after the sexual deviant passenger sat down, he placed his hand on Plaintiff's upper thigh and began to rub her bare skin.

**ANSWER**: ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 15.

16. While he was doing this, the sexual deviant passenger told Plaintiff that he "liked white women" and asked "where's your man?"

**ANSWER**: ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 16.

17. The sexual deviant passenger continued to touch the Plaintiff's bare thigh and Plaintiff repeatedly asked him to stop.

**ANSWER**: ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 17.

18. The sexual deviant passenger then put part of his hand underneath Plaintiff's shorts and continued to touch her.

**ANSWER**: ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 18.

19. Plaintiff, seated in a window seat, was trapped by the sexual deviant passenger and had no place to flee.

**ANSWER**: ExpressJet admits that Plaintiff was seated in a window seat. ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 19.

20. When the sexual deviant passenger realized the plane was landing, he returned to his seat.

**ANSWER**: ExpressJet admits that passenger Christopher Finkley returned to his assigned seat before the subject aircraft landed. ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 20.

21. After returning to his seat, the sexual deviant passenger resumed rubbing his exposed penis, which was observed by a second Defendants DELTA and/or EXPRESSJET flight attendant.

**ANSWER**: ExpressJet denies that any Delta flight attendant was onboard the subject aircraft, and therefore, denies that any Delta flight attendant observed the acts stated in ¶ 21. ExpressJet lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 21.

22. After the plane landed, the sexual deviant passenger was arrested for incident exposure and assault.

**ANSWER**: Admitted that after the aircraft landed, passenger Christopher Finkley was arrested for indecent exposure and simple assault. ExpressJet denies as untrue the remaining allegations in ¶ 22.

### COUNT I - NEGLIGENCE, GROSS NEGLIGENCE AND/OR RECKLESSNESS AGAINST DEFENDANTS DELTA AND/OR EXPRESSJET

23. That Plaintiff incorporates by reference the previous allegations, as if restated word for word and paragraph by paragraph.

**ANSWER**: The allegation requires no responsive pleading from ExpressJet. To the extent that the allegation does require an answer, ExpressJet denies as untrue the allegations in ¶ 23.

24. At all times relevant to this lawsuit, Defendants DELTA and/or EXPRESSJET was the owner of the subject aircraft and was thus responsible for the negligence, gross negligence and/or recklessness of its employees.

**ANSWER**: ExpressJet admits that Delta was the owner of the subject aircraft, but denies that any of Delta's employees or agents were onboard the subject aircraft or that Delta was in possession or control of the aircraft, and therefore, ExpressJet denies that Delta was responsible for the alleged negligence, gross negligence, and/or recklessness, and also denies any such conduct by Delta's employees or agents asserted by Plaintiff. ExpressJet denies that ExpressJet and its employees and agents are or were employees or agents of Delta. ExpressJet also denies that Delta was responsible for any alleged negligence, gross negligence, and/or recklessness of ExpressJet's employees or agents asserted by Plaintiff. ExpressJet admits that it was the operator of the subject aircraft and in control and possession of the same on the date of the alleged incident and that it alone would

8

be responsible for its employees, but denies as untrue that any of its employees were negligent, grossly negligent and/or reckless on the subject flight.

25. Defendants DELTA and/or EXPRESSJET, via its employees, had a duty to its passengers, but specifically to Plaintiff, to keep Plaintiff reasonably safe and to protect Plaintiff from all known hazards, including known sexual deviant passengers.

**ANSWER**: ExpressJet denies that any Delta employees or agents were onboard the subject aircraft or that Delta operated the subject flight, and therefore, denies that Delta had any duty to any passengers, including Plaintiff, onboard the subject flight. ExpressJet admits that it had a duty(ies) to passengers on the subject flight, including Plaintiff, but denies as untrue Plaintiff's description in ¶ 25 of the duties owed to passengers and/or that any duties were breached by ExpressJet or its employees or agents.

26. Defendants DELTA and/or EXPRESSJET committed acts of negligence, gross negligence, willful and wanton misconduct described previously. Defendants DELTA and/or EXPRESSJET committed acts of negligence which include, but are not limited to, the following:

   a. Allowing a passenger with known sexual deviant tendencies to roam around Flight 5203 as he pleased;

   b. Failing to properly supervise the passenger and provide protection to Plaintiff, as is the duty of a business to its business invitees;

   c. Failing to monitor the conduct of passengers, so as to provide a safe flight for business invitees;

   d. Failing to intervene on behalf of the Plaintiff so as to prevent the egregious acts of the known sexual deviant passenger;

9

  e. Failing to have safeguards in place to prevent sexual assaults of business invitee's

  f. Failing to implement safety policies, protocols and procedures to protect individuals such as Plaintiff, from known sexual deviant passengers;

  g. Negligent failure to make a proper pre-flight inspection;

  h. Negligent failure to maintain the aircraft in a safe condition for its passengers;

  i. Negligent failure to protect or warn its passengers from unreasonable risk of harm, such as a known sexual deviant passenger;

  j. All other damages learned through the course of discovery.

**ANSWER**: ExpressJet denies that any of Delta employees or agents were onboard the subject aircraft, and therefore, denies that Delta or any of its employees or agents were responsible for the alleged negligence, gross negligence, and/or recklessness asserted by Plaintiff described in prior paragraphs and in ¶ 26, including subparagraphs (a)-(j). ExpressJet denies as untrue the remaining allegations in ¶ 26.

27. As a direct and proximate result of Defendants DELTA's and/or EXPRESSJET's negligence, gross negligence and/or reckless conduct, Plaintiff was seriously and permanently injured, and thus Plaintiff, has and will continue to suffer damages into the future, including, but not limited to:

  a. Severe emotions and mental distress;

  b. Economic losses;

  c. Humiliation, grief, embarrassment;

  d. Fright and shock;

  e. Inability to experience social pleasures and enjoyment;

  f.  Physical manifestations including shaking of hands, nausea, sleeplessness and other physical manifestations;

  g.  Loss of earning capacity;

  h.  All additional injuries and damages discovered throughout the course of this litigation.

  **ANSWER**:  ExpressJet denies that any of Delta employees or agents were onboard the subject aircraft, and therefore, denies that Delta or any of its employees or agents were the direct and/or proximate cause of the alleged negligence, gross negligence, and/or recklessness asserted by Plaintiff that led to the alleged injuries to Plaintiff identified in ¶ 27, including subparagraphs (a)-(h). ExpressJet denies as untrue the remaining allegations in ¶ 27.

  28.  That as a further direct and proximate result of the acts of negligence and/or omissions of the Defendants DELTA and/or EXPRESSJET, Plaintiff was required to incur substantial expenses for reasonable and necessary care and attention, and rehabilitative therapy, in an attempt to alleviate and cure the pain, discomfort, mental anguish and permanent injuries sustained in the hereinbefore incident, and will continue to do so in the future.

  **ANSWER**:  ExpressJet denies that any Delta employees or agents were onboard the subject aircraft, and therefore, denies that Delta or any of its employees or agents were responsible for the alleged negligence and/or omissions asserted by Plaintiff. ExpressJet denies as untrue the remaining allegations in ¶ 28.

  29.  That in the event the Plaintiff, RHONDA COSTIGAN, was suffering from any of the medical or emotional conditions then, and in that event, Plaintiff claims that these injuries were precipitated, aggravated and/or accelerated by reason of the foregoing incident.

**ANSWER**: ExpressJet denies as untrue the allegations in ¶ 29.

## COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRSS AGAINST DEFENDANTS DELTA AND/OR EXPRESSJET

30. That Plaintiff incorporates by reference the previous allegations, as if restated word for word and paragraph by paragraph.

**ANSWER**: The allegation requires no responsive pleading from ExpressJet. To the extent that the allegation does require an answer, ExpressJet denies as untrue the allegations in ¶ 30.

31. Defendants DELTA and/or EXPRESSJET, by and through its agents, inflicted great emotional distress upon Plaintiff by way of their negligent facilitation of the aforementioned inappropriate and improper acts.

**ANSWER**: ExpressJet denies that any of Delta employees or agents were onboard the subject aircraft, and therefore, denies that Delta or any of its employees or agents inflicted any emotional distress upon Plaintiff for any reason. Express Jet denies as untrue the remaining allegations in ¶ 31.

32. The aforementioned inappropriate and improper acts constitute extreme and outrageous conduct, which caused Plaintiff to suffer severe injuries, including humiliation, indignity and injury to her psyche including, but not limited to the following, all of which shock the conscience of the community:

    a. Failing to properly supervise a known sexual deviant passenger and provide protection to Plaintiff, as is the duty of a business to its business invitees.

**ANSWER**: ExpressJet denies that any Delta employees or agents were onboard the subject aircraft, and therefore, denies that Delta or any of its employees or agents failed to properly supervise the subject passenger and provide protection to Plaintiff. For the same reasons, ExpressJet denies that Delta or any of its employees or agents caused Plaintiff to suffer any alleged injuries. ExpressJet denies as untrue the remaining allegations in ¶ 32.

33. As a direct and proximate result of the Defendants' actions, all of which constitute negligent infliction of emotional distress, Plaintiff has suffered:

  a. Severe emotions and mental distress;

  b. Economic losses;

  c. Humiliation, grief, embarrassment;

  d. Fright and shock;

  e. Inability to experience social pleasures and enjoyment;

  f. Physical manifestations including shaking of hands, nausea, sleeplessness and other physical manifestations;

  g. Loss of earning capacity;

  h. All additional injuries and damages discovered throughout the course of this litigation.

**ANSWER**: ExpressJet denies that any Delta employees or agents were onboard the subject aircraft, and therefore, denies that Delta or any of its employees or agents were the direct and/or proximate cause of the alleged negligent infliction of emotional distress asserted by Plaintiff that led to the alleged injuries to Plaintiff identified in ¶ 33, including subparagraphs (a)-(h). ExpressJet denies as untrue the remaining allegations in ¶ 33.

Answering Plaintiff's "WHEREFORE" clause following ¶ 33, ExpressJet denies that Plaintiff is entitled to any recovery or relief, equitable or legal, whatsoever from ExpressJet. ExpressJet demands strict proof of the damages alleged in the "WHEREFORE" clause following ¶ 33.

## AFFIRMATIVE DEFENSES AND/OR AVOIDANCES

ExpressJet has made a good faith effort to list all of its affirmative defenses and/or avoidances that it may have under the applicable law with respect to Plaintiff's claims, but reserves the right to re-evaluate, add, amend and/or withdraw defenses and/or avoidances as it deems necessary. By characterizing the following as defenses, ExpressJet does not admit that it bears the burden of proof on any of the issues raised by these defenses. ExpressJet, for its affirmative defenses and/or avoidances to Plaintiff's claims, states the following:

a. **Failure to state a claim:** Plaintiff's Complaint fails to state claims upon which relief can be granted.

b. **Statute of Limitations/Period of Limitations/Notice:** To the extent claims were brought after the expiration of the applicable statute of limitations or period of limitations, Plaintiff's claims are barred.

c. **Superseding/Intervening Cause:** Plaintiff's claims are barred in whole or at least in part by superseding/intervening events.

d. **Third Party Fault**: Plaintiff's claims are barred in whole or at least in part by the fault or negligence of third parties.

 **e.** **Comparative and/or Contributory Negligence:** Plaintiff's claims are barred in whole or at least in part, to the extent of Plaintiff's negligence, if any.

 **f.** **Unrelated, Pre-existing, Subsequent conditions:** Plaintiff's damages were the result of unrelated, pre-existing, and/or or subsequent conditions unrelated to ExpressJet's alleged acts and omissions.

 **g.** **Lack of Causation:** There is no causal relationship between the injuries allegedly suffered by Plaintiff and ExpressJet's alleged acts and omissions.

 **h.** **No Actual Injuries:** Plaintiff suffered no actual injuries related to ExpressJet's alleged acts and omissions.

 **i.** **Assumption of Risk**: Plaintiff's claims are barred in whole or at least in part to the extent Plaintiff assumed any risk.

 **j.** **Federal Preemption:** Federal law, including but not limited to the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713, and/or the Federal Aviation Act of 1958, 49 U.S.C. § 40101 *et seq.*, preempts Plaintiff's state law claims in whole or in part.

 **k.** **Failure to Mitigate:** Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her alleged damages.

 **l.** **Speculative Damages:** Plaintiff cannot recover for her alleged damages, which are wholly speculative in nature.

 **m.** **No Exemplary Damages**: Plaintiff has not alleged and/or cannot establish any tortious acts by ExpressJet involving malice, fraud, insult, or wanton and reckless disregard of the plaintiff's rights sufficient for an award of exemplary damages. Any allegations in support of a claim for exemplary damages should be stricken.

 **n.** **Punitive Damages Prohibited:** Plaintiff is not entitled to recover any punitive damages under Michigan law, and any allegations in support of a claim for punitive damages should be stricken.

 **o.** **No Attorney Fees Permitted:** Plaintiff is not entitled to an attorneys' fees award in the absence of any contract provision, statute or other law that entitles Plaintiff to recover attorney fees.

Wherefore, ExpressJet respectfully requests that this Court enter an order dismissing with prejudice Plaintiff's claims against it and requiring Plaintiff to pay all of ExpressJet's costs and expenses, including attorneys' fees, incurred in defending against Plaintiff's claims.

## **DEMAND FOR TRIAL BY JURY**

ExpressJet hereby demands a trial by jury in this action and/or relies on the jury demand in Plaintiff's Complaint

                              JAFFE RAITT HEUER & WEISS, P.C.

                              By:   /s/Scott R. Torpey
                                      Scott R. Torpey (P36179)
                                      Justin M. Schmidt (P78125)
                              *Attorneys for Defendants*
                              27777 Franklin Road, Suite 2500
                              Southfield, MI 48034
                              248-351-3000
                              248-351-3082 (Fax)
Dated: June 27, 2017             storpey@jaffelaw.com
                              jschmidt@jaffelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2017, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing upon all ECF Participants.

By: /s/ Katherine M. Abrignani